*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 21-BG-457**

IN RE GREGORY J. MILTON

**2020 DDN 62**

A Suspended Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 978857**

BEFORE: Easterly and McLeese, Associate Judges, and Nebeker, Senior Judge.

**O R D E R**
(FILED— September 30, 2021)

On consideration of the certified order of the Court of Appeals of Maryland indefinitely suspending respondent from the practice of law in that jurisdiction; this court's July 14, 2021, order suspending respondent pending resolution of this matter and directing him to show cause why equivalent reciprocal discipline in the form of an indefinite suspension with a fitness requirement and the right to seek reinstatement after five years or reinstatement by the state of Maryland, whichever occurs first, should not be imposed; and the statement of Disciplinary Counsel; and it appearing that respondent failed to file either a response to this court's order to show cause or his D.C. Bar R. XI, § 14(g) affidavit; and it further appearing that petitioner was previously suspended for 90 days with a fitness requirement and remains suspended in that matter, see *In re Milton*, 67 A.3d 556 (D.C. 2013), it is

ORDERED that Gregory J. Milton is hereby indefinitely suspended from the practice of law in the District of Columbia with reinstatement contingent upon a showing of fitness. Respondent may seek reinstatement after five years or after being reinstated by the state of Maryland, whichever occurs first. *See, e.g. In re*

*Jones*, 171 A.2d 575, 576 (D.C. 2017) (the reciprocal discipline of an indefinite suspension imposed by the state of Maryland is an indefinite suspension with fitness and the right to seek reinstatement after five years or reinstatement by the state of Maryland, whichever occurs first); *In re Sibley*, 990 A.2d 483, 487 (D.C. 2010) (rebuttable presumption in favor of imposing identical discipline). It is

FURTHER ORDERED that for purposes of reinstatement respondent's suspension will not begin to run until such time as he files his D.C. Bar R. XI, § 14(g) affidavit.

**PER CURIAM**